1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
    AMANDA C. KOZIOL, SB# 300863
3     E-Mail: Amanda.Koziol@lewisbrisbois.com
    633 West 5ᵗʰ Street, Suite 4000
4   Los Angeles, California 90071
    Telephone: 213.250.1800
5   Facsimile: 213.250.7900

6   Attorneys for Defendants GEO SECURE
    SERVICES, LLC and THE GEO GROUP,
7   INC.

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  | CHRIS MAZZEI, on behalf of himself | Case No. |
    | and all other similarly situated, and on | |
12  | behalf of the general public, | **DEFENDANTS GEO SECURE** |
    | | **SERVICES, LLC'S AND THE GEO** |
13  | Plaintiff, | **GROUP, INC.'S NOTICE OF** |
    | | **REMOVAL** |
14  | vs. | |
    | | Judge: |
15  | GEO SECURE SERVICES, LLC, a | |
    | Florida limited liability company, THE | Action Filed:   September 8, 2022 |
16  | GEO GROUP, INC., a Florida | Trial Date:   None Set |
    | Corporation, and DOES 1-10, inclusive, | |
17  | | |
    | Defendants. | |
18

19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF,**

2  **AND HIS ATTORNEY OF RECORD:**

3  PLEASE TAKE NOTICE that Defendants GEO SECURE SERVICES, LLC

4  and GEO GROUP, INC. ("Defendants"), hereby remove the action *Chris Mazzei v.*

5  *GEO Secure Services, LLC*, pending in the Superior Court of California, County of

6  Kern, Case No. BCV-22-102357, to the United States District Court for the Eastern

7  District of California. Removal is based on the Class Action Fairness Act ("CAFA").

8  This Court has original subject matter jurisdiction over Plaintiff Chris Mazzei's

9  ("Plaintiff") lawsuit under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, because it

10  is a proposed class action, minimal diversity exists, and the amount in controversy

11  exceeds $5,000,000. Accordingly, removal is proper based on the following grounds:

12  **I.    STATEMENT OF JURISDICTION UNDER THE CLASS ACTION**
   **FAIRNESS ACT**

13

14  1.    On February 18, 2005, the Class Action Fairness Act ("CAFA") was

15  enacted.  In relevant part, CAFA grants federal district courts original jurisdiction

16  over civil class action lawsuits filed under federal or state law in which any member

17  of a class of plaintiffs is a citizen of a state different from any defendant, and where

18  the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

19  2.    This Court has jurisdiction over this case under the Class Action Fairness

20  Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the

21  provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein: (1) the

22  proposed class contains at least 100 members; (2) the defendant is not a state, state

23  official, or other governmental entity; (3) the total amount in controversy for all class

24  members exceeds $5,000,000; and (4) there is diversity of citizenship between at least

25  one class member and one defendant. Each of these conditions were satisfied at the

26  time this action was initiated and now at the time of removal.

27  3.    CAFA's minimal diversity requirement is satisfied when: (1) at least one

28  plaintiff is a citizen of a state in which none of the defendants are citizens, (2) at least

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or (3)

2   at least one plaintiff is a U.S. citizen, and one defendant is a citizen of a foreign state.

3   *See* 28 U.S.C. § 1322(d).

4         4.     As set forth below, this case meets all of CAFA's requirements for

5   removal and is timely and properly removed by the filing of this Notice.  Plaintiff is

6   a citizen of the State of California and Defendants are  citizens of the State of Florida

7   and the amount in controversy for CAFA, exclusive of interests and/or costs, exceeds

8   $5,000,000.  Accordingly, this case meets all requirements for removal and is timely

9   and properly removed to this Court by the filing of this Notice.

10  **II.    CLAIMS AND PROCEDURAL HISTORY**

11        5.     On or about September 8, 2022, Plaintiff, by and through his counsel of

12  record, filed a putative Class Action Complaint against Defendants in the Superior

13  Court of California, County of Kern, Case No. BCV-22-102357 (the "Complaint") on

14  behalf of himself and on all others similarly situated.  A true and correct copy of the

15  Summons and Complaint, and all  documents served therewith, are  attached as

16  **Exhibit 1** to the Declaration of Amanda C. Koziol ("Koziol Decl."), ¶ 4.

17        6.     Plaintiff's Complaint asserts claims for relief arising out of his

18  employment with Defendants and is styled as a putative class action under California

19  Code of Civil Procedure section 382.  Plaintiff seeks to represent a putative class of

20  persons variously described as "certain individuals who are employed by, or were

21  formerly employed by Geo Secure Services, LLC, The GEO Group, Inc. and any

22  subsidiaries or  affiliated companies" (Complaint, ¶  1), "Defendants' California

23  employees" (Complaint, ¶ 22), and "All current and former California employees of

24  Defendants since the date four (4) years prior to the filing of this complaint."

25  ("Putative Class").  (Complaint, ¶ 37.)   Plaintiff alleges ten causes of action: 1)

26  Violation of Labor Code §§ 226.7, 512, and 558; 2) Violation of Labor Code §§ 226.7,

27  512, and 558.2; 3) Violation of Labor Code §§ 510, 1194, and 1194.2; 4) Violation

28  of Labor Code §§ 226(a), (e), and 1174(d); 5) Violation of Labor Code §§ 201-203;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4873-2143-9033.2                                    3
                              DEFENDANTS' NOTICE OF REMOVAL

6) Violation of Labor Code § 204(a)(b); 7) Violation of Labor Code § 2802; 8) Violation of Labor Code §§ 210, 218, and 222; 9) Violation of Labor Code §§ 6400, 6401, 6403, 6404, 6407, and 8 CCR 3202); and 10) Violation of Business and Professions Code § 17200.

7.    On October 20, 2022, Defendants filed an Answer to the Complaint in the Superior Court of California, County of Kern.   A true and correct copy of Defendants' Answer is attached to the Koziol Decl. as **Exhibit 2**.  (Koziol Decl. ¶ 6)

8.    A copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of California for the County of Kern.

9.    **Exhibits 1-3** attached to the Koziol Decl. contain all "process, pleadings, and orders" served on Defendants in accordance with 28 U.S.C. section 1446(a) as well as the Answer filed by Defendants. (Koziol Decl. ¶¶ 4, 6)  No other proceedings have been held in this action.

## III.    JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED

10.    Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal.   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary submissions.").   Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exist." *Id.* at 554. Evidence is required "**_only_** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

11.    The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class action in federal court," adding that "CAFA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4873-2143-9033.2                                                4
DEFENDANTS' NOTICE OF REMOVAL

should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal . . . ." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.")  In *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

### A. The Case is a Proposed Class Action with a Putative Class of at Least 100 Members, and Defendant is not a State, State Official, or Government Entity.

12.    This action has been styled as a California class action under California Code of Civil Procedure section 382.  (Complaint, ¶ 1 ("This is a Class Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiff and certain individual who are employed by, or were formerly employed by, Geo Secure Services, LLC, The Geo Group, Inc. and any subsidiaries or affiliated companies (hereinafter collectively referred to as 'Defendants') within California.")).  Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

13.    28 U.S.C. section 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100."  Defendant is neither a state, state official, nor a government entity.

14.    Plaintiff alleges that there are "over seventy-five (75)" members of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

class.   (Complaint, ¶ 40).   On the basis of their own investigation, Defendants determined there are more than 100 current and former non-exempt and non-union employees in California from the period beginning September 8, 2018 to the filing of the Complaint.  Therefore, Plaintiff's proposed class consists of at least 100 members now at the time of removal and at the institution of this civil action.

15.   Of note, while the relevant class period would ordinarily begin four-years prior to the filing of the Complaint, here, the putative class period would begin no earlier than April 12, 2020 due to a prior class-wide release of the sued upon claims through April 11, 2020.  The release became effective with final court approval, in the matter of *Samantha Garrett-Cain v. The Geo Group, Inc. et al.*, Case Number 37-2020-00008291-CU-OE-CTL, filed in the San Diego County Superior Court – Central Division.  Even considering only this truncated putative class period, there are sufficient potential class members to meet the statutory requirement for CAFA jurisdiction.

**B.   Minimum Diversity of Citizenship Exists**

16.   CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1322(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

17.   Plaintiff's Complaint alleges that he has worked for Defendants in California at all relevant times.  (Complaint, ¶ 17).   Plaintiff's Complaint further alleges that the Putative Class consists of   "All current and former ***California employees*** of Defendants. . . ."  *Id.* at ¶ 37 (emphasis added).

18.   Although no *evidence* of domicile is required at the notice of removal stage (*Dart Cherokee*, 135 S.Ct. at 554), "[p]roof of residence in a state is usually

1   thought *prima facie* evidence of domicile . . . ." *Bradley Min. Co. v. Boice*, 194 F.2d
2   80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The
3   place where a person lives is taken to be his domicile until facts adduced establish the
4   contrary . . . ."); *Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal.
5   2015) ("a person's residence is *prima facie* evidence of his or her place of domicile
6   for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*,
7   904 F.Supp.2d 1103, 1105 (D. Or. 2012)).  Furthermore, "a party with the burden of
8   proving citizenship may rely on the presumption of continuing domicile, which
9   provides that, once established, a person's state of domicile continues unless rebutted
10  with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d
11  880, 885 (9th Cir. 2013).  Regardless, allegations of plaintiff's citizenship is sufficient
12  for removal.  *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1233 (9th Cir. 2019).

13        19.   Further, where there are no allegations of citizenship of certain parties in
14  the Complaint, a removing party may introduce "objective facts" in support of
15  removal that would tend to show the domicile or citizenship of a party in a particular
16  state. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir 1986) ("[T]he determination of an
17  individual's domicile involves a number of factors (no single factor controlling),
18  including: current residence, voting registration and voting practices, location of
19  personal and real property, location of brokerage and bank accounts, location of
20  spouse and family, membership in unions and other organizations, place of
21  employment or business, driver's license and automobile registration, and payment of
22  taxes.").

23        20.   Here, the Complaint discloses that Plaintiff is a resident of Bakersfield,
24  California.  (Complaint, ¶ 17.)   On the basis of its own investigation, Defendant
25  determined that Plaintiff's residence, as reported to Defendant, is in California.
26  Accordingly, Plaintiff is now at the time of this removal, and was at the institution of
27  this civil action, a citizen of California for purposes of determining diversity. *See* 28
28  U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

domiciled); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

21.     Because Plaintiff resides and worked for Defendants in California, and because Plaintiff's proposed class is identified to include persons currently or formerly employed in the State of California by Defendants, Defendants may rely on the foregoing presumptions to establish that Plaintiff, and at least some of the putative class members, are now at the time of removal, and were at the institution of this civil action, domiciled in California and therefore citizens of California.

22.     Defendant Geo Secure Services, LLC is, now at the time of this removal, and was at the institution of this civil action, a limited liability company organized under the laws of Florida, with its principal place of business in Florida and all of its members citizens of Florida.  Defendant The GEO Group, Inc. is, now at the time of this removal and was at the institution of this civil action, a corporation organized under the laws of Florida, with its principal place of business in Florida.  Therefore, Defendants are citizens of Florida.  28 U.S.C. § 1332(d)(10); see also *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006); *Cattie v. Wal-Mart Stores, Inc.*, 504 F.Supp.2d 939, 942 (S.D. Cal. 2007).

23.     In accordance with the foregoing, Defendants are now at the time of removal, and were at the time of the institution of this civil action, citizens of Florida (and not citizens of California), and Plaintiff and some of the putative class members are now at the time of removal, and were at the institution of this civil action, citizens of California.  Thus, the minimum diversity requirement under CAFA is satisfied.

24.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  (citizenship of fictitious defendants disregarded for removal). Thus, the existence of

2  Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

3      25.    In accordance with the foregoing, Plaintiff is a citizen of the State of

4  California, while Defendants are citizens of the States of Florida. Thus, the minimum

5  diversity requirement under CAFA is satisfied.

6  **C.    The Amount in Controversy Exceeds the $5,000,000**
   **Requirement Under CAFA**

7

8      26.    Without making an admission of liability or damages with respect to any

9  aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on

10 behalf of herself and the putative class, the amount in controversy exceeds the

11 jurisdictional minimum of this Court as detailed below.

12     27.    "[A] defendant's notice of removal need include only a plausible

13 allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart*

14 *Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Moreover,

15 a defendant need not set forth evidence establishing the amount in its notice of

16 removal. *Id.* A defendant is not obliged to "research, state, and prove the plaintiff's

17 claims for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994). A

18 defendant can establish the amount in controversy by "providing only a short and

19 plain statement of the grounds for removal." *Ehrman v. Cox Commc'ns, Inc.*, 2019

20 WL 3720013 (9th Cir. August 8, 2019); *see also Dart Cherokee*, 135 S.Ct. at 547

21 (holding that "a defendant's notice of removal need include only a plausible allegation

22 that the amount in controversy exceeds the jurisdictional threshold" and evidentiary

23 submissions are required only if "the plaintiff contests, or the court questions, the

24 defendant's allegations"). Here, Defendants allege there is more than $5,000,000 in

25 controversy.

26     28.    CAFA authorizes the removal of class actions in which, among the other

27 factors mentioned above, the aggregate amount in controversy for all class members

28 exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). By

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

demonstrating that the actual amount in controversy exceeds the threshold, Defendants do not concede the validity of Plaintiff's claims or the likelihood that Plaintiff will recover anything.

29.    "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F.App'x 806, 807 (9th Cir. 2017).   "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (original emphasis); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy the Court looks to what the plaintiff has alleged, not what the defendants will owe.") (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

30.    In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).   In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez*, 888 F.3d at 417.   *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal).   Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15.   These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4873-2143-9033.2                                       10
DEFENDANTS' NOTICE OF REMOVAL

1   899 F.3d 785 (9th Cir. 2018).

2       31.    Plaintiff's pleadings in this action fail to affirmatively disclose the

3   amount in controversy or information from which Defendants could readily ascertain

4   the amount in controversy without independent investigation and analysis.  Plaintiff's

5   Complaint was "indeterminate" as to whether federal jurisdiction under 28 U.S.C.

6   section 1332(d) existed within the meaning of *Harris v. Bankers Life & Cas. Co.*, 425

7   F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121

8   (9th Cir. 2013).

9       32.    Defendants provide the following calculations only to demonstrate that

10  the amount in controversy in this case easily exceeds the jurisdictional amount in

11  controversy under CAFA jurisdiction.  Defendants make no admission of any liability

12  or damages with respect to any aspect of this case, or to the proper legal test to be

13  applied to Plaintiff's claims.  Nor does Defendant waive its right to ultimately contest

14  the proper amount of damages due, if any, should Plaintiff prevail with respect to any

15  of her claims.

16      33.    Defendants independently determined based on their own business

17  records that Plaintiff's proposed Putative Class is comprised of approximately 2,059

18  current and former non-exempt, non-union employees in California.

19      34.    Defendants independently determined based on their own business

20  records that the approximate 2,059 Putative Class members worked a total of

21  approximately 159,636 workweeks at an average hourly rate of approximately $31.83

22  from approximately April 12, 2020 to August 5, 2022.  The hourly rate is rounded

23  down to $30 in the below calculations.

24          ***1.    Amount in Controversy for Rest Period Premiums***

25      35.    Rest breaks under California law are required for non-exempt employees

26  who work three and a half (3.5) or more hours in a day.  Non-exempt employees are

27  entitled to a rest period of ten (10) minutes for each four (4) hours, or major fraction

28  thereof, that they work in a day.  *See* California Wage Orders, § 12.  California law

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

requires employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period that is required to be provided is not provided.  Cal. Labor Code § 226.7.

36.   Plaintiff alleges that Plaintiff and the Putative Class were "routinely unable, and not authorized, to take a 10-minute rest break."  (Complaint, ¶ 22). Plaintiff also alleges that Plaintiff and the Putative Class were "not paid premium wages of one hour's pay for each missed meal and rest break." *Id.*

37.   In *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007), the California Supreme Court held that the premiums due under California Labor Code section 226.7 are compensatory wages for statute of limitations purposes and therefore have a three-year statute of limitations period. *See* Cal. Code Civ. Proc. § 338(a).

38.   Plaintiff, however, asserts that Defendants' alleged Labor Code violations are "unfair, unlawful, and harmful to Plaintiff and Defendant's California employees" and thus seeks restitution for Plaintiff and the Putative Class. (Complaint, ¶ 34).  California District Courts are split as to whether an award under Section 226.7 is restitutionary and recoverable under California Business & Professions Code section 17200, which has a four-year statute of limitations and would extend the time to seek unpaid meal and rest period premiums.  Cal. Bus. & Prof. Code § 17208; *compare Horton v. NeoStrata Co.*, 2017 WL 2721977 (S.D. Cal. 2017) and *Dittmar v. Costco Wholesale Corp.*, 2016 WL 3387464 (S.D. Cal. 2017) with *Parson v. Golden State FC, LLC*, 2016 WL 1734010 (N.D. Cal. 2016) and *Guerrero v. Halliburton Energy Servs. Inc.*, 231 F.Supp.3d 797 (E.D. Cal. 2017).

39.   Because the jurisdictional amount in controversy is determined based on what Plaintiff alleges, not what she will ultimately recover, the four year limitations period is appropriate for jurisdictional purposes.  However, to underscore the conservative nature of Defendants' calculations, for purposes of this Notice of Removal, Defendants used to calculate the potential amount in controversy only

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   workweeks from approximately April 12, 2020 (the day after the end date of the prior
2   class-wide release) to August 5, 2022.

3         40.    Therefore, Defendants independently determined based on their own
4   business records, the allegations within Plaintiff's Complaint, and Defendants'
5   conservative approach toward the putative class period and exclusion of union
6   employees, that the amount in controversy for the rest period premium claim is
7   approximately $4,789,080 based on the assumption that each employee had *one* non-
8   compliant rest break per week (159,636 workweeks x 1 non-compliant rest period per
9   week x $30 hourly rate).

10                **2.**    ***Amount in Controversy for Meal Period Premiums***

11         41.    California law requires employers to pay employees one additional hour
12   of pay at the employee's regular rate of compensation for each workday a meal period
13   that is required to be provided is not provided.  Cal. Labor Code § 226.7.  California
14   law requires provision of meal breaks to non-exempt employees who work more than
15   five hours in a workday.  Cal. Labor Code § 512.  Plaintiff alleges that Plaintiff and
16   the Putative Class were "routinely unable, and not authorized, to take a 10-minute rest
17   break and were also unable to take an uninterrupted 30-minute lunch break for every
18   shift they worked." (Complaint, ¶ 22).  Plaintiff also alleges that Defendants did "not
19   paid premium wages of one hour's pay for each missed meal and rest break." *Id.*

20         42.    Similar to Plaintiff's rest period allegations, for purposes of this Notice
21   of Removal, Defendants used to calculate the potential amount in controversy only
22   workweeks from approximately April 12, 2020 (the day after the end date of the prior
23   class-wide release) to August 5, 2022.

24         43.    Defendants independently determined based on their own business
25   records, the allegations within Plaintiff's Complaint, and Defendants' conservative
26   approach toward the putative class period and exclusion of union employees, that the
27   amount in controversy for the meal period premium claim is approximately
28   $4,789,080 based on the assumption that each employee had *one* non-complaint meal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

period per week (159,636 workweeks x 1 non-compliant meal period per week x $30 hourly rate).

### 3. *Amount in Controversy for Plaintiff's Unpaid Wages (Overtime)*

44.     Plaintiff's second cause of action alleges that Defendants failed to pay overtime wages in violation of Labor Code §§510 and 1194.   Plaintiff specifically alleges that Defendants required Plaintiff and the Putative Class to "work off the clock for Defendant." (Complaint, ¶ 23).  Plaintiff also alleges that Defendants "required Plaintiff and Defendant's California employees to work hours in excess of eight hours in a day and forty hours in a week but had not paid these employees overtime compensation as required by their collective bargaining agreement in violation of Labor Code § 222."  Finally, Plaintiff alleges that "Defendant routinely made Plaintiff and its California employees undergo a COVID-19 screening process prior to the start of their scheduled shifts. . ." and "[were] not allowed to clock-in for the day until [they] passed a medical examination to screen [them] for symptoms of COVID-19." *Id.*

45.     Similar to Plaintiff's meal and rest period allegations, for purposes of this Notice of Removal, Defendants used to calculate the potential amount in controversy only workweeks from approximately April 12, 2020 (the day after the end date of the prior class-wide release) to August 5, 2022.

46.     Defendants independently determined based on its own business records, the allegations within Plaintiff's Complaint, and Defendants' conservative approach toward the putative class period and exclusion of union employees, that the amount in controversy for the unpaid overtime claim is conservatively $3,591,810, based on the assumption that each employee worked a half hour of unpaid overtime per week ($45 overtime hourly rate [1.5 x average hourly rate] x .5 hour per workweek x 159,636 workweeks).

/ / /


LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

#### 4. *Amount in Controversy for Plaintiff's Wage Statement Claim*

47.     Plaintiff's third cause of action alleges that throughout the applicable time period, "Defendant knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wages statements in accordance with Labor Code § 226 and keep accurate records as required by § 1174(d)." (Complaint, ¶ 28). Plaintiff further alleges that Defendants failed to "accurately reflect[] actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour (*sic*) worked" on the wage statements. *Id.*

48.     The statute of limitations on a claim for civil penalties is one year. *See Thomas v. Home Depot USA, Inc.* 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007).

49.     For purposes of this Notice, Defendant contends that the applicable time period began September 8, 2021 (one year from date of filing of Complaint).

50.     Defendant's employees are paid on a biweekly basis. During the period from September 8, 2021 to August 5, 2022, Defendant employed approximately 1,615 non-exempt employees, who worked approximately 66,504.72 workweeks or 33,252.36 pay periods (66,504.72 workweeks/ 2 workweeks). For purposes of removal only, the amount in controversy for the noncompliant wage statement claim is approximately $3,244,450 (($50 x 1 initial pay period x 1,615 putative class members = *$80,750*) + ($100 x 31,637 subsequent pay periods = *$3,163,700*)).

51.     Therefore, the amount in controversy for Plaintiff's meal and rest period claims, overtime claim, and wage statement violation claim, total at least approximately $16,414,420.

#### 5. *Amount in Controversy for Plaintiff's Other Claims*

52.     In addition to the claims identified above, Plaintiff alleges that he and the Putative Class were not paid minimum wages, were not provided reimbursement

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

for business expenses in accordance with California law, were not provided with proper precautions to ensure employee safety, and were not paid all wages earned upon termination.  (Complaint, ¶¶ 25, 31, 32 and 33.)

53.     California Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover the amount owed in a civil action.  California Labor Code section 2802(a) states that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.  Like unpaid minimum wages, overtime wages, and premium wages, business expenses are recoverable as restitution under California Business & Professions Code section 17200.  *See Espejo v. The Copley Press, Inc.*, 13 Cal.App.5th 329, 367 (2017) (citing *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th 163 (2000)); *see also Harris v. Best Buy Stores, L.P.*, 2016 WL 4073327, at *10 (N.D. Cal. 2016) (UCL claim may be maintained to the extent it is predicated on plaintiff's section 2802 claim).

54.     For these reasons, Plaintiff's claims for unpaid overtime wages, failure to compensate at the regular rate of pay, and reimbursement of business expenses further increases the amount in controversy beyond the jurisdictional minimum of $5,000,000.

### 6.     *Amount in Controversy for Attorneys' Fees*

55.     Plaintiff also alleges an entitlement to attorneys' fees.  *(See generally* Complaint, Prayer for Relief).  Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ([W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.")  In *Fritsch*, the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must be considered in the amount in controversy.  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-796 (9th Cir. 2018).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

56.     Courts may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy. *Greene v. Harley-Davidson, Inc.*, No. 20-55281, fn. 4 (9th Cir. July 14, 2020); *Garibay v. Archstone Communities LLC*, 539 F.App'x 763, 764 (9th Cir. 2013); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana Nat'l Corp.*, 2019 WL 131843, at *2 (N.D. Cal. 2019); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fee.")  Thus, an additional minimum amount of $4,103,605 must be included in the amount in controversy ([$4,789,080 alleged rest period premiums + $4,789,080 alleged meal period premiums + $3,591,810 alleged unpaid overtime + $3,244,450 alleged noncompliant wages statement claim ] x 25% = $4,103,605), for a total amount in controversy of $20,518,025.

57.     And at least the same amount in controversy for alleged attorneys' fees is in controversy using the "lodestar" method of fee computation.  *See Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class action average around one-third of the recovery."); *see also Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, at *5 (S.D. Cal. 2013) ("California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent.").

58.     For all the foregoing reasons, Defendants allege that the amount placed in controversy by Plaintiff is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time of removal and at the institution of this civil action.  The amount in controversy requirement for CAFA is therefore satisfied.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### D. No CAFA Exceptions Apply

59. CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. sections 1332(d)(3)-(4). However, none of these exceptions are applicable here. The party resisting removal has the burden of proving the existence of a CAFA exception. *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).

60. The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed." Here, the action was originally filed in California and as noted above, Defendants are not a citizen of California. Thus, the exception does not apply.

61. Similarly, 28 U.S.C. section 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action is filed. However, these exceptions, too, only apply where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B). Given that this action was originally filed in California, and Defendant is not a California citizen, these exceptions also do not apply.

### IV. TIMELINESS OF REMOVAL

62. Under 28 U.S.C. section 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

63. When a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. section

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4873-2143-9033.2                              18
DEFENDANTS' NOTICE OF REMOVAL

1446(b) thirty-day window does not begin to run. *Id.* at 692-695. "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under section 1446(b) to begin." *Id.* at 695; *see also Taylor v. Cox Communications California, LLC* 2016 WL 2902459 at *4 (C.D. Cal. 2016) (affirming that "materials outside the complaint do not start the thirty-day clock"). This reasoning was more recently confirmed in *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013): "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *See also Torres v. Secure Communications Systems, Inc.*, No. SACV 20-980 JVS(JDEx), Dkt. No. 28 (C.D. Cal. July 20, 2020).

64.    A complaint is "indeterminate" when "it is unclear from the complaint whether the case is removable, *i.e.*, the [jurisdictional facts are] unstated or ambiguous." *Harris*, 425 F.3d at 693. Plaintiff's Complaint does not affirmatively allege or otherwise state that the amount in controversy exceeds $5,000,000. Further, it is not discernable from the face of the Complaint that more than $5,000,000 was placed in controversy. There is nothing in the Complaint setting forth the amount of damages recoverable for the alleged legal violations, nor the number of times the violations allegedly occurred. (*See generally* Complaint). Rather, the Complaint simply demands damages and other remedies in an unstated amount. (*Id.* at Prayer for Relief.)

65.    Under *Harris*, the Court must not "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather . . . the court [may] rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Harris*,

425 F.3d at 695 (quoting *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997)).  Thus, the Complaint is "indeterminate" and its service does not trigger the first 28 U.S.C. section 1446(b) thirty-day window to remove.  *See Roth*, 720 F.3d at 1125 (holding that complaint was "indeterminate" when "[i]t did not reveal on its face that . . . there was sufficient amount in controversy to support jurisdiction under CAFA); *see also Calkins v. Google, Inc.*, 2013 U.S. Dist. LEXIS 97829, 2013 WL 3556042 at *2-3 (N.D. Cal. 2013) (holding that service of complaint did not trigger thirty-day window when amount in controversy was not affirmatively stated, even where defendant could have deduced the amount in controversy from documents in its possession).

66.  As of the date of this filing, the parties have not exchanged any subsequent papers determinative of the jurisdictional amount in controversy in this matter.  Where neither the initial pleading nor "other paper" discloses the grounds for removal, a defendant may remove at any time after it independently learns of the facts supporting removal jurisdiction.  *Roth*, 720 F.3d at 1125.  Defendants, based on their own investigation and internal records, have been able to determine that the amount in controversy based on the allegations in Plaintiff's Complaint well exceeds the $5,000,000 threshold and that there are at least 100 putative class members and is filing this notice within the first thirty days after it received the initial pleading.  *See* FRCP Rule 6(a)(1)C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run  until the end of the next day that is not a Saturday, Sunday, or legal holiday.")  Thus, the facts alleged in this notice support that removal is both proper and timely.

## V.   **JOINDER**

67.  Defendants are not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a summons and the Complaint.  The only defendants named in Plaintiff's Complaint are GEO Secure Services, LLC, The GEO Group, Inc., and fictitiously named Doe defendants, whose presence is disregarded for purposes of removal.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   **VI.   VENUE**

2       68.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(d) and

3   1391.

4   **VII.   NOTICE TO PLAINTIFF AND STATE COURT**

5       69.    This Notice of Removal will be promptly served on Plaintiff and filed

6   with the Superior Court of the State of California in and for the County of Kern.

7       70.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of

8   all "process, pleadings, and orders" from the state court action served on Defendant

9   or filed by Defendant are attached hereto as **Exhibits 1 through 3**. (Koziol Decl. ¶¶

10  4-6).

11      WHEREFORE, having provided notice as is required by law, the above-

12  entitled action is removed from the Superior Court for the County of Kern to this

13  Court.

14  DATED:  October 20, 2022        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

15

16

17                  By: _____

18                      Jeffrey S. Ranen
                           Amanda C. Koziol

19                      Attorneys for Defendants GEO SECURE
                           SERVICES, LLC and THE GEO GROUP,

20                      INC.

21

22

23

24

25

26

27

28

