UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MAZZEI,<br><br>            Plaintiff,<br><br>    v.<br><br>GEO SECURE SERVICES, LLC,<br><br>            Defendant. | Case No. 1:22-cv-01347-JLT-CDB<br><br>ORDER REQUIRING PARTIES TO FILE A JOINT STATUS REPORT<br><br>**TEN-DAY DEADLINE** |

Plaintiff Chris Mazzei ("Mazzei") originally filed this putative class action in the Superior Court of California, County of Kern on September 8, 2022. (Doc. 1-2 p. 5).[1] He asserts various causes of action and seeks to represent all current and former California employees of Defendant GEO Secure Services, LLC ("GEO") employed within four years prior to the filing of the complaint. (Doc. 20 p. 4). The complaint alleges that GEO committed violations of the California Labor Code by failing to provide meal and rest periods; pay wages; comply with employee wage statement requirements; timely pay wages at termination; timely pay employees; reimburse business expenses; pay for all hours worked; provide a place of employment that is safe and healthful; and unfair competition. (Doc. 1-2 pp. 6-25). Cal. Lab. Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a)(e), 1174(d), 204(a)(b), 2802, 210, 218, 222, 6400, 6401, 6403, 6404, 6407; 8 C.C.R. § 3202; Cal. Bus. and Prof. Code § 17200.

The action was removed to this Court on October 20, 2022. (Doc. 1). Thereafter, on May 5, 2023, GEO filed the pending motion to stay. (Doc. 16). Mazzei filed an opposition on May

---

[1] The Court references the pagination provided by CM/ECF.

1  19, 2023 (Doc. 20) and GEO filed a reply on May 30, 2023.  (Doc. 21).  The motion to stay was
2  referred to the undersigned on October 31, 2023.  (Doc. 25).

**I.     The Motion to Stay**

GEO moves to stay the present suit until the resolution of several earlier-filed actions as it argues that those actions involve substantially the same parties and issues as the case at bar.  The alleged earlier-filed actions are as follows: *Tezsanique Hendrickson v. GEO Secure Services*, LLC, California Superior Court for San Bernadino County, Case No. CIVSB2118376 (filed on June 28, 2021) ("*Hendrickson*"); *Samdeeshia Bell v. GEO Secure Services, LLC*, Case No. 5:21-cv-1927 (C.D. Cal. Nov. 12, 2021) ("*Bell*"); *Priscilla Lopez v. GEO Secure Services, LLC*, California Superior Court for Imperial County, Case No. ECU002060 (filed on September 9, 2021) ("*Lopez*"); *Nickolas Ortiz v. The GEO Group Inc., d/b/a GEO California, Inc. et al.*, California Superior Court for Kern County, Case No. BCV 21-102469, 22-100659 (filed October 20, 2021, March 22, 2022) ("*Ortiz*"); *Daniel Perez v. The GEO Group, Inc., d/b/a GEO Group California, Inc., et al.*, California Superior Court for San Diego County, Case No. 37-2022-00000670-CU-OE-CTL (filed on January 6, 2022) ("*Perez*"); *Julie Castillo v. GEO Secure Services, LLC*, Case No. 3:22-cv-00445-RSH-DDL (S.D. Cal. Apr. 7, 2023) ("*Castillo*").

Consistent with Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the above case files and their respective dockets.  Fed. R. Evid. 201(b)(2)*; Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).  The Court notes that in the *Lopez* action, the Plaintiffs filed a motion for preliminary approval of settlement. *Lopez*, Case No. ECU002060 (Doc. 78).  The motion for preliminary approval of settlement identifies Priscilla Lopez, Julie Castillo, Samdeeshia Bell, Tezsanique Hendrickson and Nickolas Ortiz as named plaintiffs in support of a settlement. *Id*. at 1.  In the *Castillo* action, the parties filed a notice of settlement, which references a "global mediation" to attempt to resolve several similar cases. *Castillo*, Case No. 3:22-cv-00445-MMA-MMD at (Docs. 49, 55).  The Court also takes judicial notice of an order granting final approval of a class and collective action settlement of the *Perez* action, which was granted on October 6, 2023.  Thus, it appears that the trajectory of the earlier-filed actions will not necessarily overlap with this one. *See Tinnin v. Sutter Valley Medical Foundation*, 647

2

F.Supp.3d 864, 873-74 (E.D. Cal. 2022) (finding a stay under *Landis v. North American Co.*, 299 U.S. 248 254 (1936) to be inappropriate as the motion practice in the underlying cases was guided towards settlement and was not duplicative to anything in the case at bar).

In light of the foregoing, it is **HEREBY ORDERED** that within ten (10) days of entry of this Order, the parties shall file a joint report setting forth whether (1) the parties in the earlier-filed actions have reached/anticipate reaching a resolution of their cases without addressing the allegedly parallel issues in this case, and (2) whether Mazzei is party to any settlement agreement in any of the above-referenced actions or is in the process of reaching a settlement agreement.

IT IS SO ORDERED.

Dated:   **January 8, 2024**                                   _____
                                                                UNITED STATES MAGISTRATE JUDGE