UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MAZZEI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEO SECURE SERVICES, LLC, *et al.*,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01347-JLT-CDB<br><br>ORDER DENYING PARTIES' STIPULATED REQUEST TO CONTINUE DEADLINE TO FILE DISPOSITIONAL DOCUMENTS<br><br>(Doc. 43)<br><br><u>7-DAY DEADLINE</u> |

**Background**

On October 18, 2024, the parties filed a notice that they had reached a settlement of Plaintiff's individual claims and that "a formal settlement agreement is being circulated for review and signatures." (Doc. 41 at 2). The parties also reported their intention to file a stipulated dismissal "[o]nce the specified terms in the agreement are performed." *Id.* The Court ordered the parties to file dispositional documents within 21 days. (Doc. 42).

Pending before the Court is the parties' "joint status report" in which they represent "the formal settlement agreement is still being circulated for review and signatures" and request an additional 60 days within which to file dispositional documents. (Doc. 43 at 2).

**Discussion**

Good cause does not warrant granting a two-month extension of the deadline to file

dispositional documents to facilitate the signing of a settlement agreement that, according to the parties, was "circulated for review and signatures" three or more weeks ago. *See* (Doc. 41).

Moreover, good cause does not support delaying any further the filing of dispositional documents until after performance of the terms of the settlement agreement is complete. That is because this case was removed to federal court based on the Class Action Fairness Act (CAFA) and the removing Defendants' representation that the amount in controversy of the putative class action exceeds $5,000,000. *See* (Doc. 1). With the parties' report now that they have settled only Plaintiff's individual claims and intend to dismiss all other claims, this Court in all likelihood lacks jurisdiction over the action.

Under these circumstances, the Court declines the parties' unstated but implied invitation for the Court to keep this case open while they perform the terms of their settlement agreement (*e.g., Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737 (7th Cir. 2008) ("The normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract. Such a claim arises under state law and must proceed in state court")) because the parties have not shown that exercising jurisdiction over the parties' settlement agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

Since it is clear from the parties' filings that they have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not complied with this Court's order to file dispositional documents. This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted). Accord, *Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice" when the court "f[ound] that the parties' ... representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii)").

However, dismissal at this juncture is not appropriate as it is apparent from the parties' pleadings that they have worked diligently to reach a negotiated resolution. Instead, the Court will

grant the parties an additional seven (7) days to meet and confer prior to filing an appropriate stipulation for dismissal.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that the parties shall file a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) within seven (7) days of entry of this order.

Failure to timely comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **November 7, 2024**             _____
                                           UNITED STATES MAGISTRATE JUDGE