UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MAZZEI,<br><br>        Plaintiff,<br><br>    v.<br><br>GEO SECURE SERVICES, LLC, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-01347-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS AND LOCAL RULES<br><br>(Docs. 42, 44)<br><br>ORDER REQUIRING COUNSEL FOR DEFENDANTS TO PAY SANCTIONS OF $500<br><br>**14-DAY DEADLINE** |

The parties to this action were required pursuant to Local Rule 160 to file dispositional documents within 21 days of their filing of a notice of settlement, absent a showing of good cause. In response to two orders of the Court requiring them to file dispositional documents, the parties have refused to comply and have failed to set forth good cause for any further extensions of the deadline. For the reasons that follow, the undersigned will order counsel for Defendants to pay monetary sanctions (which order shall be temporarily stayed) and recommends that the action be dismissed for Plaintiff's failure to prosecute the case and to comply with the Court's orders and local rules.

**<u>Background</u>**

    **A. Procedural History**

Plaintiff Chris Mazzei ("Mazzei") originally filed this action in the Superior Court of

1  California, County of Kern, on September 8, 2022. (Doc. 1-2).  He asserts various causes of
2  action on behalf of himself and a putative class of all current and former California employees of
3  Defendants GEO Secure Services, LLC and The GEO Group, Inc. ("GEO") employed within four
4  years prior to the filing of the complaint.  *Id*.  The complaint alleges that GEO engaged in unfair
5  competition and committed violations of the California Labor Code by failing to provide meal
6  and rest periods, pay wages, comply with employee wage statement requirements, timely pay
7  wages at termination, timely pay employees, reimburse business expenses, pay for all hours
8  worked, and provide a place of employment that is safe and healthful.  *Id*.

9        GEO removed the action to this Court on October 20, 2022, on the grounds that the case
10  satisfied the federal jurisdictional thresholds under the Class Action Fairness Act ("CAFA").
11  (Doc. 1).  At the parties' request, the Court delayed scheduling the case to allow them time to
12  discuss potential early resolution of their disputes.  (Docs. 9-10).  Thereafter, following its receipt
13  of the parties' joint report indicating GEO was not amenable to settlement discussions, the Court
14  entered a class certification discovery and motion scheduling order.  (Doc. 12).

15        On May 5, 2023, GEO filed a motion to stay this case until the resolution of six earlier-
16  filed actions in other state and federal courts.  (Doc. 16).  Among other arguments, GEO
17  contended that Plaintiff's claims are "entirely subsumed by the previously filed lawsuits."  *Id.*
18  GEO also pointed out that the Court is empowered to dismiss or stay this action under the
19  *Colorado River* abstention doctrine given the parallel state court proceedings involving the same
20  matter.  *Id.* at 1, 7.  After GEO's motion was fully briefed, the parties filed a joint mid-discovery
21  status report on July 11, 2023, in which they jointly represented that GEO objected to Plaintiff's
22  discovery demands and declined to participate in discovery until after the Court ruled on GEO's
23  motion to stay the case.  (Doc. 23).  Plaintiff never sought relief from the Court to compel GEO's
24  participation in discovery and presumably conceded GEO's position that discovery would not
25  proceed.

26        On January 18, 2024, at the Court's direction, the parties filed a joint report in which they
27  expressed their intent to explore a "mutually agreeable resolution" to the case in light of the
28  preliminary settlement of at least one of the related, earlier-filed actions.  (Doc. 28).  In the event

2

settlement discussion failed, Defendant represented it intended to file a motion to dismiss or to renew its pending motion to stay.  Id.

On February 14, 2024, the parties jointly reported to the Court that they were "currently engaged in settlement discussions, and anticipate completing those discussions in the next 60 days." (Doc. 30).  Thereafter, at the Court's direction, the parties filed several 60-day status reports in which they repeated they were "still engaged in settlement discussions." (Docs. 33, 35, 37).

On August 20, 2024, the Court convened the parties for status conference, during which counsel for Plaintiff expressed his intention to dismiss the class claims without prejudice in light of the final settlement of one of the earlier-filed cases (*Priscilla Lopez v. GEO Secure Services, LLC*, California Superior Court for Imperial County, Case No. ECU002060 (filed on September 9, 2021) ("*Lopez*")) and his acknowledgment that Plaintiff's claims were subsumed by the *Lopez* settlement. (Doc. 39).  Thereafter, GEO withdrew its motion to stay, and on October 18, 2024, the parties filed a notice of settlement. (Docs. 40-41).

**B. The Court's Order to File Dispositional Documents**

In their notice that they had reached a settlement of Plaintiff's individual claims, the parties represented that "a formal settlement agreement is being circulated for review and signatures." (Doc. 41 at 2).  The parties also reported their intention to file a stipulated dismissal "[o]nce the specified terms in the agreement are performed." *Id.*  Pursuant to Local Rule 160, the Court ordered the parties to file dispositional documents within 21 days of the filing of their notice of settlement. (Doc. 42).

Instead of filing dispositional documents, on November 6, 2024, the parties filed a "joint status report" in which they represented "the formal settlement agreement is still being circulated for review and signatures" and requested an additional 60 days within which to file dispositional documents. (Doc. 43 at 2).  Because Local Rule 160 requires the filing of dispositional documents within 21 days of the filing of a notice of settlement absent "good cause," and because the Court found the parties had not demonstrated good cause to extend the deadline, the Court denied the parties' request for extension but continued the filing deadline from November 8 to

1  November 14, 2024.  (Doc. 44).

2  On the extended deadline to file dispositional documents (November 14), the parties again
3  filed a joint status report requesting a further 45-day extension of the filing deadline.  (Doc. 46).
4  In their report, the parties represent that Plaintiff transmitted a draft settlement agreement to GEO
5  on October 11, 2024, but that counsel for GEO was still reviewing the agreement and did not
6  expect to transmit to Plaintiff its proposed revisions to the agreement until the following week.
7  *Id.*

8  **C. Good Cause Does Not Warrant Further Delay in Dismissing This Case**

9  In refusing to file dispositional documents, the parties seem to take the position that they
10  unilaterally may compel this Court to keep the case open while they formalize the terms of and
11  perform under their agreement.  Indeed, in their initial notice of settlement, the parties announced
12  their intention to delay voluntarily dismissing the case under after "the specified terms in the
13  agreement are performed."  (Doc. 41 at 2).

14  As this Court previously explained (*see* Doc. 44), good cause does not support the parties'
15  request to further delay dismissing this action.  Since filing its motion to stay 18 months ago,
16  GEO has refused to participate in discovery (without substantive opposition by Plaintiff, *see* Doc.
17  23) and has argued that Plaintiff's claims could be dismissed under the *Colorado River* abstention
18  doctrine because they are "entirely subsumed" by numerous earlier filed class actions.  (Doc. 16).
19  Under these circumstances and in light of the parties' joint representations that they have been
20  engaged in settlement discussions for the past ten months and that Plaintiff transmitted a proposed
21  settlement agreement to GEO more than one month ago, their suggestion now that they still need
22  six additional weeks to review and sign the agreement is dubious.

23  But even if their claimed need for additional time to finalize a settlement was credible,
24  under the circumstances described above, it would be improper to countenance the parties'
25  invitation for the Court to keep this case open while they perform the terms of their settlement
26  agreement.  That is because (as the undersigned previously advised, *see* Doc. 44), the parties have
27  not shown that exercising jurisdiction over the parties' anticipated settlement agreement is
28  "essential to the conduct of federal-court business."  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 381 (1994). In particular, the case was removed to this Court pursuant to CAFA. Under CAFA, federal courts have jurisdiction over a class action when the parties are minimally diverse, the amount in controversy exceeds $5,000,000, and the proposed class has at least 100 members. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020). By its express terms, the statute "denies CAFA jurisdiction if 'the number of members of all proposed plaintiff classes in the aggregate is less than 100.'" *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1033 (9th Cir. 2020) (quoting 28 U.S.C. § 1332(d)(5)(B)).

Although Plaintiff's expressed intention to dismiss the class claims and settle only his individual claims does not necessarily divest this Court of jurisdiction over the action, equitable principles strongly favor declining to keep the action open while the parties further delay voluntarily dismissing the case pending their signing and performance under their settlement agreement. Specifically, courts retain discretion to dismiss or remand CAFA-initiated actions where the class claims are rejected and the plaintiff foregoes pursuit of future class claims in favor of prosecuting his individual claims. *See, e.g., Arabian v. Sony Elecs. Inc.*, No. 05–cv–1741, 2007 WL 2701340, at *5 (S. D. Cal. Sept. 13, 2007) (dismissing CAFA action following denial of class certification and plaintiff's express representation that he would only pursue the action on his individual claims because there was no "reasonably foreseeable possibility" that a class would be certified in the future); *accord Clausnitzer v. Fed. Exp. Corp.*, 621 F. Supp.2d 1266, 1270 (S.D. Fla. 2008) (dismissing action following denial of class certification; "because Plaintiffs can no longer amend their complaint to allege a proper class, there is no possibility Plaintiffs will obtain certification, and jurisdiction under CAFA no longer exists") (citing with approval *Arabian*); *Giannini v. Schering-Plough Corp.*, No. C-06-06823-SBA, 2007 WL 1839789, at *2-4 (N.D. Cal. June 26, 2007) (remanding CAFA action following dismissal of class claims).

Further, since it is clear from the parties' filings that they have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not complied with this Court's order to file dispositional documents. This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile*

*Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted). Accord, *Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice" when the court "f[ound] that the parties' ... representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii)").

**Sanctions Are Warranted**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  Moreover, in order to compel a party to comply with the Court's orders, the Court may issue monetary sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, Plaintiff's refusal to comply with the Court's order to file dispositional documents supports dismissal.  As summarized above, good cause does not warrant further extensions of Plaintiff's deadline to voluntarily dismiss this action.  The case has sat dormant for the better part of the past 18 months, the parties have discussed settlement for at least the past ten months, neither party has engaged in discovery, and GEO has argued the Court maintains discretion to

dismiss the case under the *Colorado River* abstention doctrine.  There are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and counsel's refusal to comply with the Court's repeated orders to file dispositional documents.  Thus, the first and second factors – the expeditious resolution of litigation and the Court's need to manage its docket – weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440-41; *In re PPA,* 460 F.3d at 1227.

For the same reasons, the third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228.  In refusing to comply with the Court's repeated orders to file dispositional documents, the parties appear to presume they may require a Court to keep a settled case active while they finalize and perform under a settlement agreement.  The Court is aware of no authority for the proposition that a party may unilaterally confer upon a court jurisdiction to supervise a settled case – but even if such authority existed, as set forth above, the circumstances of this case do not favor permitting Plaintiff to further impede final disposition of this action.  Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  In its order of November 7 finding the parties failed to demonstrate good cause for a 60-day extension of the deadline to file dispositional documents, the Court admonished the parties: "Failure to timely comply with this order will result in the imposition of sanctions."  (Doc. 44 p. 3).  Plaintiff was adequately forewarned that his failure to timely file dispositional documents could result in terminating sanctions.

Accordingly, because Plaintiff has failed to comply with this Court's Local Rules and the Court's orders, and in so doing is failing to prosecute the case, the Court will recommend

7

dismissal of this action.

Separately, the Court hereby imposes monetary sanctions on counsel of record for Defendants in accordance with Local Rule 110 based on their failure to comply with the Court's orders requiring filing of dispositional documents (*see* Docs. 42, 44).  The Court will stay this order imposing monetary sanctions for a period of 14 days to permit the parties to file dispositional documents.  If the dispositional documents are filed within this 14-day period, the Court will vacate this order and close this case based on the reported settlement reached.  If the parties fail to comply, the Court will issue an order requiring payment of the monetary sanctions imposed.

**Conclusion and Recommendation**

For the reasons given above, counsel for Defendants **SHALL PAY** the Clerk of the Court $500.  This order is stayed until December 2, 2024, to allow the parties to file the necessary dispositional documents previously ordered.

Furthermore, the undersigned **RECOMMENDS** that this action be dismissed, without prejudice, for Plaintiff's failure to prosecute this action and obey this Court's orders and the Local Rules.  *See* Fed. R. Civ. P. 41(b); Local Rule 110.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l).  **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2024**                               _____
                                                                                          UNITED STATES MAGISTRATE JUDGE