UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MAZZEI, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GEO SECURE SERVICES, LLC, *et al.*,<br><br>Defendant. | Case No. 1:22-cv-01347-JLT-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 48)<br><br>ORDER DISCHARGING SANCTIONS<br><br>(Doc. 47) |

**Background**

On September 8, 2022, Plaintiff Chris Mazzei ("Plaintiff") initiated this action with the filing of a complaint in state court, asserting claims on behalf of himself and a putative class against Defendant Geo Secure Services, LLC, and The Geo Group, Inc. (Doc. 1-2). On October 20, 2022, Defendants removed the action to this Court. (Doc. 1). Following the parties' filing of a notice of settlement, the Court then ordered the parties to file dispositional documents by November 8, 2024. (Docs. 41, 42). The parties filed a stipulated request to continue that deadline on November 6, 2024 (Doc. 43), which was denied by the Court on November 7, 2024; instead, the parties were provided seven additional days within which to comply with the Court's

order to file dispositional documents.  (Doc. 44).  On November 14, 2024, instead of timely filing dispositional documents, the parties filed a second stipulated request to extend the deadline.  (Doc. 46).  In response to the failure of the parties to comply with the Court's orders, the undersigned issued findings and recommendations to dismiss the action and ordered counsel for Defendants to pay sanctions of $500.  Payment of sanctions was stayed until December 2, 2024, to permit the parties to file the necessary dispositional documents.  (Doc. 47).

**Analysis**

Pending before the Court is the parties' jointly executed stipulated dismissal of this action with prejudice as to Plaintiff's individual claims and without prejudice as to the putative class claims.  Additionally, the parties request that the Court retain jurisdiction to enforce the settlement agreement.  (Doc. 48).

The parties' stipulated dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(i) and Plaintiff is entitled to dismiss his individual claims (at least) without court order.  In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class proposed to be certified for purposes of settlement ... may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e) (emphasis added).

In this case, the parties seek to dismiss the putative class claims under Rule 41(a)(1) without prejudice.  (Doc. 48).  No class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement.  Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Additionally, on the parties' stipulated request (Doc. 48), the Court will retain jurisdiction for the limited purpose of overseeing the parties' performance under their settlement agreement for 120 days from the date of issuance of this order. The Court's show cause order requiring counsel for Defendants to pay sanctions of $500 (Doc. 47) will be discharged without imposition of sanctions.

**Conclusion and Order**

In light of the parties' stipulated dismissal (Doc. 48), this action is terminated by operation of law without further order of the Court.

The Clerk of the Court is DIRECTED to close the case and adjust the docket to reflect stipulated dismissal with prejudice, pursuant to Rule 41(a)(1)(i), as to Plaintiff's individual claims and without prejudice as to the putative class claims. The Court will retain jurisdiction for the limited purpose of overseeing the parties' performance under their settlement agreement for 1200 days from the date of issuance of this order.

Further, in light of the parties' prompt filing, the order of the Court requiring counsel for Defendants to pay sanctions in the amount of $500 (Doc. 47) is DISCHARGED without imposition of sanctions.

IT IS SO ORDERED.

Dated: **December 3, 2024**

UNITED STATES MAGISTRATE JUDGE